IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:03-CR-0067 (01) |
| | § | |
| RODNEY BERNARD ELPHEAGE | § | |


## REPORT AND RECOMMENDATION TO DENY MOTION
## TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Defendant RODNEY BERNARD ELPHEAGE has filed with this Court a Motion to Vacate,

Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.  For the reasons hereinafter expressed,

the undersigned Magistrate Judge is of the opinion defendant is entitled to no relief and

recommends the motion to vacate, set aside or correct sentence be DENIED.


I.
FACTS AND PROCEDURAL HISTORY

On June 24, 2003, defendant ELPHEAGE was charged in a one count indictment with the

offense of possession with intent to distribute 500 grams or more of cocaine in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii).  On August 8, 2003, defendant pleaded guilty and on October

6, 2003, the District Judge sentenced defendant to a term of 135 months imprisonment and a 4-year

term of supervised release.  Defendant did not directly appeal his conviction or sentence.

On August 12, 2004, defendant timely filed the instant Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  On September 27, 2004,

the government filed its response in opposition to defendant's motion to vacate.  On December 6,

2004, defendant filed a reply to the government's response.

II.
DEFENDANT'S ALLEGATIONS

Defendant raises the following grounds in support of his contention that his conviction and

sentence were imposed in violation of the Constitution or laws of the United States:

1.      He was sentenced in violation of  *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct.
        2348, 147 L.Ed.2d 435 (2000); and

2.      His counsel was ineffective for:

        a.      failing to work on defendant's defense after July 1, 2003 and for only
                filing boilerplate motions;
        b.      failing to raise the issue of an *Apprendi* error which required defendant's
                sentence be based upon the quantity of drugs listed in the indictment;
        c.      failing to object to the PreSentence Report (PSR) criminal history calculation
                which was improperly scored; and
        e.      talking defendant out of filing a direct appeal.

III.
MERITS

A.
*Apprendi*

Defendant appears to argue his sentence violates the United States Constitution under the

United States Supreme Court's holding in *Apprendi*.  This claim is not cognizable because

defendant did not raise the issue on direct appeal, and has failed to show adequate cause for his

failure to raise the issue on direct appeal.  *See, e.g., United States v. Shaid,* 937 F.2d 228, 232 (5th

Cir. 1991) (en banc) (defendant may not raise an issue for the first time on collateral review without

showing both "cause" for his procedural default and "actual prejudice" resulting from the error).

*See United States v. Cervantes*, 132 F.3d 1106 (5th Cir. 1998) (Constitutional questions ***may not*** be

raised for the first time on collateral review if they were not raised on direct appeal without a

showing of cause and prejudice).  Even if defendant could establish that his allegations of

ineffective assistance of counsel were "adequate cause," he still cannot show prejudice and his

claim is without merit.

In *Apprendi*, the Supreme Court held that any fact which increases the penalty for a crime

*beyond the prescribed statutory maximum*, other than the fact of a prior conviction, must be

submitted to a jury and proved beyond a reasonable doubt.  *Apprendi*, 530 U.S. at 490, 120 S.Ct.

2362-2363.  Although the indictment in this case charged defendant with possession with intent to

distribute 500 grams *or more* of cocaine, the PSR provides that when stopped for a traffic violation,

the defendant was found to be in possession of approximately 5 kilograms of cocaine, or

approximately 5000 grams.  Laboratory tests confirmed the cocaine weighed 4,493 net grams or

4.493 kilograms.  The plain language of *Apprendi* shows the ruling is applicable only to cases

where the penalty for the crime *exceeded the prescribed statutory maximum* due to facts other than

a prior conviction.  The United States Code governs the maximum, as well as minimum, sentences

for criminal offenses.  Here, defendant pled guilty to and was convicted of the charge in the

indictment of possession with intent to distribute 500 grams or more of cocaine in violation of 21

U.S.C. 841 (a)(1) and (b)(1)(B), and, as reflected by the PSR, the defendant clearly possessed more

than 500 grams of cocaine.  Pursuant to 21 U.S.C. § 841(b)((1)(A)(iv), the statutory range of

punishment for an offense involving 500 grams or more of cocaine is a term of imprisonment from

ten (10) years to life.  The trial court assessed defendant's punishment at 135 months, a length

which is clearly *under the statutory maximum* of life imprisonment.  Consequently,  *Apprendi* is not

applicable to this case, no *Apprendi* issue is presented and defendant ELPHEAGE has failed to

show he was prejudiced.

If defendant ELPHEAGE's claim is that there was an *Apprendi* violation because the indictment charge of possession of 500 grams or more will not support a guideline sentence based upon approximately 5 kilograms of cocaine, his claim would still be without merit.  First, *Apprendi* never applied to the sentencing guidelines.  Second,  *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621(2005) held that in a mandatory sentencing scheme, any facts (other than a prior conviction) which are necessary to support a sentence exceeding the maximum authorized must be <u>admitted</u> <u>by</u> <u>the</u> <u>defendant</u> or proved to a jury beyond a reasonable doubt.  At the plea hearing, defendant admitted, under oath, to possessing approximately 5 kilograms of cocaine. Defendant's admission satisfies *Booker*.  No error occurred in sentencing as defendant ELPHEAGE was sentenced based upon the amount of cocaine he admitted to and as was listed in the PSR.

B.
<u>Ineffective Assistance of Counsel</u>

In his second point of error, defendant alleges he received ineffective assistance of counsel. The proper standard for judging a defendant's contention that he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under the *Strickland* standard, a defendant must first show that defense counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution.  *Id.*, 466 U.S. at 687.  Specifically, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the profession.  The performance inquiry must center on whether counsel's assistance was reasonable considering all the circumstances which existed at the time of

counsel's conduct.  *Id.* at 688-90.  Second, a defendant must show that counsel's deficient

performance prejudiced the defense.  To establish this second prong, a defendant must do more

than simply allege prejudice, he must "affirmatively prove" prejudice.  *Id.* at 693.  Consequently, it

is not enough for a defendant to show that the errors had some conceivable effect on the outcome of

the proceeding.  To establish prejudice in the context of a guilty plea, a defendant must show there

is a reasonable probability that but for counsel's errors, defendant would not have pleaded guilty

and, instead, would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

In reviewing an ineffective assistance of counsel claim, it is not necessary to first evaluate

whether counsel's performance was deficient before examining whether defendant was prejudiced

as a result of the alleged deficiencies.  In fact, if a determination as to the prejudice prong is easier

and disposes of an ineffectiveness claim, then that course should be followed.  *Strickland v.

Washington*, 466 U.S. at 698; *see also United States v. Fuller*, 769 F.2d 1095, 1097 (5th Cir. 1985).

1.
Failure to Represent

Defendant first asserts trial counsel failed to work on his defense after July 1, 2003, filing

only boilerplate motions and effectively failing to represent defendant during the entire case.  As set

forth by the government, the record contradicts defendant's position.  Counsel negotiated a plea

agreement on defendant's behalf which included a 3-point reduction for acceptance of

responsibility.  Thereafter on August 8, 2003, counsel represented defendant at the rearraignment

hearing.  At this hearing, the Court asked defendant if he had reviewed the indictment, the factual

resume, and the plea agreement to which defendant answered yes.  (Government's Appendix at 12-

13).  Defendant then entered a plea of guilty.  On October 6, 2003, counsel represented defendant at

sentencing.  At this hearing defendant informed the Court he had gone over the Presentence Report

with his lawyer.  (Government's Appendix at 17).  He further stated he knew of nothing incorrect in the PSR.  (*Id.*).  Trial counsel requested the Court sentence defendant at the low end of the punishment range, requested the Court give defendant credit for time served prior to sentencing, requested the Court recommend defendant be housed as close to Los Angeles, California as possible to be near his family, and requested the Court to take into consideration defendant's medical needs. (Government's Appendix at 15-17).

Defendant next complains counsel only filed boilerplate motions.  The record shows trial counsel filed the following motions:

1. An extensive motion for discovery;
2. A motion to compel Brady v. Maryland, 373 U.S. 83 (1963) material;
3. A motion *in limine*; and
4. A motion under Rule 404(b).

While these are motions commonly filed by defense counsel in a criminal case, that fact makes them no less important.  Counsel had to evaluate the case and had to determine whether the motions were appropriate.  Further, defendant ELPHEAGE has not articulated what additional motions counsel should have filed.  As set forth above, counsel filed motions on defendant's behalf, counsel represented him at all hearings, and counsel negotiated a plea agreement on his behalf.  The facts in this case reflect this defendant was stopped by law enforcement authorities transporting a large quantity of cocaine.  The fact that the evidence against the defendant was overwhelming and that no realistic defense existed is not counsel's responsibility.  Defendant's allegations against his lawyer are without merit and his complaints under this claim should be denied.

2.

### Failure to Raise an *Apprendi* Issue

Defendant next argues counsel failed to raise the issue of an *Apprendi* error which required defendant's sentence be based upon the quantity of drugs listed in the indictment. For the reasons set forth in Paragraph III. A., defendant's claim is without merit. There was no *Apprendi* issue to raise. The failure to make a meritless objection is not ineffective assistance of counsel. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). This claim must fail.

3.

### Failure to Object to the PSR Criminal History Calculation

Although his allegations are far from clear, defendant ELPHEAGE's next ineffective assistance claim appears to be that counsel was ineffective for failing to object to some of the criminal history information in the PSR. Absent from this allegation, is any statement or claim by defendant that counsel was ever notified of any inaccurate criminal history information. Nonetheless, defendant appears to allege the PSR was objectionable for the following reasons:

a.   paragraph 27 conflicts with paragraph 29;

b.   paragraphs 27 and 29 contain no details;

c.   paragraph 27 appears to be related to paragraphs 28 and 30;

d.   paragraphs 28 and 30 are the same or are related and both result from paragraph 27;

e.   paragraphs 29, 31, and 33 only involve minor offenses;

f.   paragraphs 27, 31, and 33 are from the same set of charges; and

g.   paragraphs 27, 28, and 30 are related.

Defendant ELPHEAGE's claims under this ground are without merit. Review of paragraphs 27 and 29 of the PSR shows such paragraphs are not conflicting. Although paragraph 27 could be

read to say plaintiff was sentenced on February 16, 1994, to 180 days in jail and paragraph 29

reflects he committed the offense of being an unlicensed driver on March 22, 1994, defendant's

conclusion that there must be an error because the March 22, 1994 date is prior to the expiration of

180 days from February 16, 1994, is in error.  First, defendant offers no statement as to the actual

facts of these offenses, or the applicable dates.  Secondly, paragraph 28 shows the defendant's

probation was revoked February 16, 1994, in his absence.  The PSR also shows he committed two

offenses before he was apprehended and arrested on May 2, 1994.

Defendant's contention that paragraph 27 contains no details is also erroneous.  Paragraph

27 contains information as to the date of the offense, the offense committed, and the court where the

defendant was prosecuted.  Defendant is correct that paragraph 27 does state that the issue of

attorney representation was unknown.  Once again, however, defendant ELPHEAGE offers no

statement of the facts and has not asserted he was not represented or that he did not waive counsel.

Further, even if an objection by counsel regarding representation had been made and was

successful, defendant ELPHEAGE's criminal history points would have only been reduced from 17

to 15.  Even with 15 points, his criminal history score would have remained at Category VI.

The basis of defendant's contention that paragraphs 27, 28, and 30 resulted in double

counting is unclear.  Paragraph 27 concerns a September 22, 1993 burglary and possession of a

driver's license to commit forgery.  Paragraph 28 concerns a December 11, 1993 theft offense, and

paragraph 30 concerns an April 7, 1994 forged driver's license offense.  The sentencing dates for

these threes offenses all appear to be different.  The defendant has not shown these offenses to be

related nor has he shown there was any double counting.

Similarly, defendant's allegation that paragraphs 28 and 30 involved the same offense or are

related is rebutted by the PSR.  The PSR shows paragraph 28 to reference a December 1993 grand theft offense, and paragraph 30 to reference an April 1994, possession of a forged driver's license offense.  Defendant's further allegation that the offenses alleged in paragraphs 28 and 30 resulted from paragraph 27 is unclear, both as to its importance and its relevance.

Defendant's allegation that paragraphs 29, 31, and 33 involve only minor offenses states no cognizable issue.  The PSR reflects the offenses listed in those paragraphs were assigned the appropriate points permitted under the guidelines.

Defendant's contention that paragraphs 27, 31, and 33 are from the same set of charges is rebutted by the information in the PSR.  Paragraph 27 concerned a September 1993 burglary offense.  Paragraph 31 concerned a January 1996 unlawful distribution of handbill offense, and paragraph 33 involved a September 1997 loitering offense.  Further, as to paragraph 33, no criminal history points were assigned.

Lastly, defendant's allegation that paragraphs 27, 28, and 30 are related has been addressed above.

All of defendant's allegations regarding counsel having been ineffective for failing to object to the criminal history calculations in the PSR are without merit.  Defendant ELPHEAGE has not shown the information in the PSR was incorrect, has not shown counsel was aware of any incorrect information, has not shown there was any valid objection available, and has not shown he was prejudiced in any way.

4.
Failure to File an Appeal

In his last point of error, defendant claims trial counsel told him there were no issues to appeal and convinced defendant to waive his right of appeal.  To demonstrate ineffective assistance

of counsel based on a claim that counsel failed to file a notice of appeal, a defendant must show that the failure to file an appeal fell below an objective standard of reasonableness and that it prejudiced the defendant.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).  Failing to file a notice when requested to do so can constitute deficient performance.  *Id*. at 477-78.  As to prejudice, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal.  *Id*. at 486.  Rather, he must demonstrate only that there is a reasonable probability that, but for counsel's failure, he would have appealed.  *Id*.

Defense counsel does not have a duty to perfect an appeal on behalf of a convicted defendant unless and until the defendant makes it known that he wants to appeal.  *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993).  In this case, defendant ELPHEAGE, on October 6, 2003, signed a document entitled Right to Appeal.  (Government's Appendix at 1).  In this document it states, "I fully discussed with my attorney the potential issues for appeal, taking into account the fairly restrictive scope of appeal for guideline sentences and judgments based upon pleas of guilty.  My attorney's recommendation to me was to not appeal."  (*Id*.).  The defendant did sign the portion of the document which begins [If no appeal] I am satisfied with the representation of my attorney...."  (*Id*.).  Defendant now insists, however, that he directed counsel to appeal.  (Defendant's Traverse at 2).  In light of his written waiver, defendant's claim is not credible as it is rebutted by the document referenced above.  Defendant has not demonstrated he instructed counsel to appeal, but that counsel refused to file the appeal or neglected to follow his instructions.  In fact, the record supports the opposite conclusion, that defendant waived his right of appeal.  Counsel will only be found to be deficient if he fails to follow the defendant's express instructions with respect to an appeal.  *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).  Defendant, in his application, has offered nothing more

than self serving statements.  Defendant has not articulated why he agreed to waive his right to appeal other than to say he was coerced.  He presents no fact supporting his claim of coercion.  This claim must fail.

## IV.
### RECOMMENDATION

Based upon all of the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant RODNEY BERNARD ELPHEAGE be, in all things, DENIED.

## V.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of December 2006.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means,

three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).